UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOGAN KRAMER,

                Plaintiff,

v.                                                Case No. 25-cv-448-pp

CHRISTOPHER SCHMALING,

                Defendant.

---

**ORDER ADOPTING IN PART, MODIFYING IN PART AND REJECTING IN PART JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 14), ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT AND RESERVING RULING ON PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4)**

---

      Plaintiff Logan Kramer filed this lawsuit alleging violations of his civil rights. Dkt. No. 1. On September 29, 2025, Magistrate Judge William Duffin issued a report recommending that this district court dismiss the case for failure to state a claim and that the court enter judgment, impose a strike and deny as moot the plaintiff's motion to appoint counsel. Dkt. No. 14.

      The court has not received from the plaintiff an objection to the order, and the deadline for him to file such an objection has passed. The copy of Judge Duffin's order sent to the plaintiff at the Sheridan Correctional Center in Sheridan, Illinois, was returned to the court as undeliverable. Dkt. No. 15. The envelope states that "No one with this name/number" is confined at Sheridan. Id. The Illinois Department of Corrections' Individual in Custody Search shows that the plaintiff was released onto parole on August 13, 2025. See https://idoc.illinois.gov/offender/inmatesearch.html (DOC #Y40376). The clerk's office advised the plaintiff early in the case to "immediately notify the court" if his address changed while the case was pending. Dkt. No. 5. Judge Duffin also told

the plaintiff in the April 9, 2025 order assessing an initial partial filing fee that he must notify the clerk if his address changed and that failure to do so meant that the court could dismiss his case for failure to prosecute. Dkt. No. 9 at 4. Despite these warnings, the plaintiff did not notify the court when he was released from custody and has not provided an updated address where the court can reach him. The plaintiff's failure to comply with the court's instructions and orders is grounds for dismissal of this case without prejudice. See Civil Local Rule 41(c) (E.D. Wis.)

Rather than dismiss the case, the court will adopt Judge Duffin's recommendation in part, modify the recommendation in part and reject the recommendation in part. The court will dismiss the complaint for failure to state a claim but will give the plaintiff an opportunity to file an amended complaint. The court will not impose a strike and will reserve ruling on the plaintiff's motion to appoint counsel pending receipt of his amended complaint.

**I.      Background**

      A.      The Complaint (Dkt. No. 1)

The court received the plaintiff's complaint on March 25, 2025. Dkt. No. 1. The complaint alleges that on April 21, 2021, deputies from the Racine County Sheriff's Office arrested the plaintiff and seized an urn that contained the ashes of his relative. Id. at ¶¶1–2. The plaintiff says that the charges against him were dismissed more than three years later, on August 12, 2024. Id. at ¶3. The plaintiff then contacted the Sheriff's Office to retrieve the urn, but the office told him that they did not have it. Id. at ¶¶4–5. He asserts that this constituted an illegal seizure of his property and/or a deprivation of his property without due process of law. ¶6. He seeks $10,000 in damages and the

2

Case 2:25-cv-00448-PP    Filed 10/28/25    Page 2 of 8    Document 16

return of the urn and ashes or, if the remains have been lost or destroyed, $1 million in damages. Id. at p.4.

    B.    <u>Judge Duffin's Screening Order and Recommendation (Dkt. No. 13)</u>

Judge Duffin screened the complaint and concluded that the complaint did not state a claim for relief. Dkt. No. 13. Judge Duffin first explained that although the Fourteenth Amendment "prohibits a state from depriving 'any person of life, liberty, or property, without due process of law,'" no federal remedy is available when "a plaintiff has remedies under Wisconsin state law to address the deprivation of property." Id. at 4 (citing <u>Edmonson v. Marcell</u>, Case No. 22-CV-671-JPS, 2023 WL 5608832 at *3 (E.D. Wis. Aug. 30, 2023)). Judge Duffin determined that because nothing in the complaint "suggests that the state remedies would be inadequate," the complaint "fail[ed] to state a claim upon which relief may be granted." Id. He recommended that this court dismiss the case, enter judgment, impose a strike because the complaint failed to state a claim, <u>see</u> 28 U.S.C. §1915(g), and deny as moot the plaintiff's motion to appoint counsel (Dkt. No. 4). Dkt. No. 14 at 4–5.

## II.    Legal Standard

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

## III.    Discussion

The court agrees with Judge Duffin that the complaint does not state a claim under the Fourteenth Amendment. As Judge Duffin explained, claims for

deprivation of property are not actionable under §1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally. See Morris v. Scott, 840 F. App'x 14, 15 (7th Cir. 2021) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984); and Wynn v. Southward, 251 F.3d 588, 592–93 (7th Cir. 2001)) ("Unauthorized deprivations of property violate the due-process clause only when no post-deprivation procedures are available."). Wisconsin law provides adequate "tort remedies for property that is converted, damaged or destroyed by another." Neumann v. City of Franklin Police Dep't, Case No. 24-cv-818-pp, 2024 WL 4678965, at *2 (E.D. Wis. Nov. 5, 2024) (citing Vollmer v. Green Bay City Police Dep't, Case No. 18-cv-1629, 2018 WL 6067240, at *3 (E.D. Wis. Nov. 20, 2018); Wis. Stat. §§893.35, 893.51 and 893.52). That means that the plaintiff cannot state a Fourteenth Amendment claim regarding his lost or taken urn.

But Judge Duffin did not address the plaintiff's alternate claim that the sheriff's deputies took his urn in violation of his rights under the Fourth Amendment. The Fourth Amendment protects against unreasonable seizures of property, including personal property, by government actors. See Bell v. City of Chicago, 835 F.3d 736, 739 (7th Cir. 2016). Generally, "'seizures of personal property are unreasonable within the meaning of the Fourth Amendment . . . [unless] accomplished pursuant to a judicial warrant.'" United States v. Burgard, 675 F.3d 1029, 1032 (7th Cir. 2012) (quoting Illinois v. McArthur, 531 U.S. 326, 330 (2001) (cleaned up)). The Court of Appeals for the Seventh Circuit has held that a plaintiff has a valid claim in federal court when he "seeks return of property based on lack of probable cause to confiscate the property." Gullikson v. City of Milwaukee Municipality, Case No. 17-cv-105-pp,

2017 WL 3301361, at *2 (E.D. Wis. Aug. 2, 2017) (citing Supreme Video, Inc. v. Schauz, 15 F.3d 1435, 1443 (7th Cir. 1994)).

The plaintiff provides little detail about his Fourth Amendment claim. He alleges that the deputies seized his urn when they arrested him, held the urn while he was in custody and then failed to return it to him when the charges against him were dismissed. He does not allege whether the deputies had a warrant or probable cause to seize the urn, but neither does he contest the legality of his arrest. If the deputies had a warrant to seize the urn, or probable cause and an exigency or exception to the warrant requirement, then the plaintiff would not be able to state a Fourth Amendment claim. See McArthur, 531 U.S. at 330; Burgard, 675 F.3d at 1032. The court cannot determine from the facts alleged in the complaint whether this seizure was reasonable under the Fourth Amendment. The complaint also does not name a proper defendant for this claim. The complaint names Racine County Sheriff Christopher Schmaling as the only defendant, but it does not allege that Sheriff Schmaling was involved in, or responsible for, the seizure of the urn. Only defendants who are personally responsible for the violation of a constitutional right may be held liable under §1983. See Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021).

For these reasons, the complaint does not state a claim, and the court will dismiss it. See Gullikson, 2017 WL 3301361, at *2 (dismissing complaint for failure to state a claim because it did not allege "a lack of probable cause" to support Fourth Amendment claim). But rather than dismiss the *case*, the court concludes that the proper course is to give the plaintiff an opportunity to amend his complaint. A district court has discretion to deny leave to amend a complaint only "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022)

(citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The court cannot be certain that it would be futile to give the plaintiff an opportunity to amend his complaint to add details supporting a potential Fourth Amendment claim.

The court will adopt Judge Duffin's recommendation to dismiss the complaint for failure to state a claim, but it will modify the dismissal to give the plaintiff an opportunity to file an amended complaint on his Fourth Amendment claim only. Because the court is not dismissing the case, it will reject the recommendation to impose a strike under 28 U.S.C. §1915(g) and to deny the plaintiff's motion to appoint counsel. Dkt. No. 4. Instead, the court will reserve ruling on the plaintiff's motion to appoint counsel. If the plaintiff timely files a proposed amended complaint, and if the court allows him to proceed on a claim in the amended complaint, the court will review his request that the court recruit counsel to assist him in this litigation. If the plaintiff does not timely file an amended complaint, or if the court does not allow him to proceed on any claims in an amended complaint, the court will deny his motion to appoint counsel as moot and will impose a strike because the original complaint fails to state a claim.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

6

Case 2:25-cv-00448-PP    Filed 10/28/25    Page 6 of 8    Document 16

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

As the court has recounted, the plaintiff has been released from incarceration, but he has not provided an updated address where the court can send this order. The court will send a copy of this order to him at Sheridan because it is the only address it has for the plaintiff.

## IV. Conclusion

The court **ADOPTS IN PART, MODIFIES IN PART and REJECTS IN PART** Magistrate Judge Duffin's recommendation. Dkt. No. 14.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim and **ORDERS** that the complaint is **DISMISSED**. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **November 28, 2025**. If the court receives an amended complaint by the end of the day on November 28, 2025, the court will screen the amended

complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **RESERVES RULING** on the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court will send a copy of this order to the plaintiff at Sheridan Correctional Center in Sheridan, Illinois, because that is the only address the court has for the plaintiff.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court reminds the plaintiff that it is his responsibility to promptly notify the court if he is released from custody, transferred to a different institution or if his address changes for any other reason. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 28th day of October, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**